■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERNON R. ROBINSON, Appellant.— Judgment, Supreme Court, Bronx County, of conviction of attempted murder, attempted robbery, and related crimes, rendered on March 21, 1969, after trial to the court without a jury, reversed, on the law, and vacated, and the indictment dismissed.    O'Connor, the victim of this crime, a "moon-lighting" police officer driving a taxicab, received a passenger into his cab, whose face he then saw, but whom he never saw again face to face.    At the hearing to determine admissibility of the officer's identification (*People v. Ballott,* 20 N Y 2d 600; *Gilbert v. California,* 388 U. S. 263; *United States v. Wade,* 388 U. S. 218), he testified that he saw his passenger once during the ride in his rear-view mirror; at the trial, this was increased to three times.    On arrival at the passenger's destination, the driver was shot in the head without further ado, and regained consciousness at a later time in the hospital.    Several witnesses saw the assailant fleeing the scene, and he was described to police.    Inquiry in the neighborhood elicited information that defendant, a resident of the vicinity, answered the description.    Nothing in the record indicates that any further attempt was made to find any other person answering the description of the perpetrator of the crime.    Having been found in the manner described, defendant came voluntarily to the station house, was not identified by anyone, and was released.    About a week after the crime, the victim was visited in hospital by other police, who showed him 10 photographs of various persons; he selected defendant's picture as that of one who looked like his assailant.    He asked the interviewing officers several questions about the person whose picture he had selected, and the defendant's physical characteristics were described to him.    Several days later, a lineup of five persons, of whom defendant was one — voluntarily and waiving counsel — was held about eight feet from the bed.    Though the officer had eye trouble resulting from his injuries, it cleared during this viewing.    He selected the second person in the lineup, not defendant.    He was then asked by the other police if he wished to view the lineup again, and he indicated that he would like to see the second and fourth persons.    When the participants returned to the room and were seen again, at a distance of five feet, he identified the fourth person, the defendant, who was then placed under arrest.    At the pretrial hearing, held by a Justice other than the trial court, the officer was not called by the People, and, as a defendant's witness, his "cross-examination" by defendant's counsel was restricted.    However, even assuming the correctness of the hearing court's decision that the lineup itself was properly conducted, all of the surrounding circumstances sum up to an instinctive doubt as to the reliability of the identification of defendant by O'Connor.    Adding together his comparatively meager opportunity for observation of his passenger, his hesitant selection of defendant's photo followed by the description furnished to him of defendant's physical characteristics and the scene at his beside when he was, in effect, told he had made a misidentification of one of the two people he had coupled together, the possibilities of suggestion leading to the selection, finally, of defendant, are all too apparent to permit what amounts to speculation as to whether the in-court identification had an independent basis.    (*People v. Burwell,* 26 N Y 2d 331, 335.)    This despite the apparently subjectively honest belief of O'Connor that he identified the right man in court.    The trial court should, accordingly, have entertained a reasonable doubt of the identification and excluded it from consideration.    There was no other identification; the witness, Dingle, found by the trial court to have identified defendant, did not do so, and the People so concede.    Thus, without O'Connor's identification, there

there is no identification at all, the case collapses, and defendant is entitled to be acquitted. Dismissal is therefore called for. Concur — Markewich, J. P., Nunez, Kupferman and Murphy, JJ.; Tilzer, J., dissents in part and would reverse and remand for retrial.