OPINION OF THE COURT
Nanette Dembitz, J.
The major question of law on this motion to suppress identification testimony in a juvenile delinquency proceeding, is whether a lineup identification is invalid because of factors that tended to make the suspect conspicuous in the lineup and attract the viewer’s attention to him.
The respondents were charged in juvenile delinquency proceedings with acts that would constitute, if done by an adult, *402 second degree murder, in that the 13-year-old respondent, aided by the 15-year-old, killed another youth, one Hugh M, by shooting him in the head. On respondents’ motions a pretrial hearing was held as to the lineup identifications of both respondents by the eyewitness to the alleged murder.[1] At that hearing petitioner rested after eliciting testimony from the detective who had arranged the lineups. Respondents then requested the production by the District Attorney of the eyewitness, one Peter M. (age 15), for them to use as their witness.[2]
The District Attorney opposed this application on the grounds that it circumvented the prosecution’s right to control its own case and the appearance of its eyewitnesses on a pretrial motion (see People v Sutton, 47 AD2d 455, 459), and also that respondents first must make an offer of proof as to Peter’s expected testimony. The court however, held that respondents had a right to attempt to elicit evidence as to the suggestiveness of the lineup from the person on whom such suggestiveness would operate — that is, the eyewitness who viewed the lineup. Further, an offer of proof could not be required with regard to an adverse witness’ testimony. It was also ruled, during Peter’s examination, that respondents could treat him as a hostile witness. (Cf People v Robinson, 37 AD2d 944.)
After an extended hearing, this court holds that respondents’ numerous legal points must be rejected. Respondents failed to carry their burden of proof[3] that Peter M’s lineup identifications were tainted by "unnecessarily suggestive” or by "impermissible and improper” police procedures. (Stovall v Denno, 388 US 293, 301; People v Ballott, 20 NY2d 600, 606.) The identifications are therefore admissible at trial (see CPL *403 60.25, 60.30); and it is unnecessary to decide whether, if tainted, the identifications would nonetheless be admissible because reliable (see Manson v Brathwaite, 432 US 98, 106-107, 114), nor whether despite a taint there was clear and convincing evidence of independent sources for an in-court identification. (People v Rahming, 26 NY2d 411, 417.)
FACTORS ATTRACTING ATTENTION TO SUSPECT
Relying on the photograph taken immediately prior to the lineup, Felipe O’s attorney argues that he is carrying his number-sign higher than are the stand-ins, and also that according to Peter’s testimony, Felipe had a cigarette stuck behind his ear. (While the prelineup photograph does not show anything behind Felipe’s ear, there is testimony that the detective told him directly before the lineup that he could not smoke.)
The crucial point is the absence of any evidence or indication that the police had any responsibility for either circumstance respondent stresses.
The precedents establish that an identification is tainted when there has been "improper conduct on the part of law enforcement officials” that might influence the identification. (People v Logan, 25 NY2d 184, 193, cert den 396 US 1020; see, also, Manson v Brathwaite, 432 US 98, 111-112, supra; Foster v California, 394 US 440, 443; People v Rahming, 26 NY2d 411, 416, supra.) If the suspect himself is responsible for a questionable factor, the identification is not deemed tainted. See People ex rel. Hall v Casscles (51 AD2d 623, 624) where the court declared that "the line-up could not be considered unnecessarily suggestive since it was the petitioner himself [the defendant at trial] who selected” the stand-ins. Indeed, this rule prevails even if there is a suggestive factor connecting the suspect with the perpetrator. See Coleman v Alabama (399 US 1, 6) where the stand-ins were bareheaded and the suspect (the defendant) wore a hat as had a perpetrator; the lineup was held untainted because "nothing in the record shows that he was required to do so” (wear a hat in the lineup). See, also, United States v Medina (552 F2d 181, 190) where the criminal had worn denim pants and defendant wore such pants in the lineup; the lineup was held untainted because "nothing in the record demonstrates that defendant was required to wear denim pants during the lineup”.
In the instant case not only were the police uninvolved in *404 respondent’s carriage of his sign and cigarette, but these objects were not, as in the above cases, associated with the perpetrator. Here the viewer’s observation of the cigarette (and possibly of the higher number-sign) were like that in Logan, where the court said that "the observation was a mere happenstance unoccasioned by law enforcement officials, and did not lead in all the circumstances to the danger of mistaken identification”. (25 NY2d, at p 193.) On all the evidence, the court finds that even if Peter’s attention was attracted to Felipe by the chance factors here in issue, the identification was not attributable to these fortuities.
In sum, the identification was neither tainted nor unreliable because of the circumstances of the lineup; respondent has not established the ultimate fact that "there is 'a very substantial likelihood of * * * misidentification’ ” (Manson v Brathwaite, 432 US 98, 116, supra).
ADMISSIBILITY OF EQUIVOCAL IDENTIFICATIONS
Peter M’s identification of Felipe O. and Eugene J. was merely that they looked most like the "shooter” and the "nonshooter” of anyone in their respective lineups. These identifications appear to be admissible despite their lack of certainty. "[T]he law is * * * not so impractical as to insist upon preciseness of attention by the witness in observing, or certainty of recollection”. (McCormick, Evidence [2d ed], p 21.) See cases cited (ibid., pp 21-22; 2 Wigmore, Evidence, § 658; Auerbach v United States, 136 F2d 882, 885; Neil v Biggers, 409 US 188, 199-200) in which the Supreme Court seems to assume that an uncertain identification is admissible.
While a question of consistency and credibility is presented by the admission of a positive trial identification by a witness whose preceding out-of-court identification was uncertain, this sequence has been permitted; it has been held that uncertainty in the witness’ first identification would merely "go to the weight to be accorded his in-court * * * identification.” (People v McCullers, 40 AD2d 796, 797, affd 33 NY2d 806, see, also, People v La Brake, 51 AD2d 609, 610.) Here however there is an additional factor weakening the reliability of an in-court identification: the fact that Peter M. saw respondents, seated as respondents, in the courtroom for three days in the course of various pretrial hearings. This viewing was obviously entirely proper and could indeed have been avoided at the instance of respondents’ attorneys. Neverthe *405 less, it must be considered at trial in addition to Peter’s pretrial uncertainty in determining what if any weight should be given to his trial identifications, in the event positive ones are offered. (See Boyd v Henderson, 555 F2d 56, 61.)
[Portions of opinion omitted for purposes of publication.]

. Though the court has discretion in a Judge-trial to consider suppression issues on a voir dire in the course of trial (People v Brown, 24 NY2d 168), here a pretrial determination to afford guidance to both sides seemed expedient. (However, in view of the Brown rule the motion Judge obviously is not disqualified from conducting the trial. And, see, Withrow v Larkin [421 US 35, 56] as to a Judge conducting pretrial proceedings and then acting as the trier of the facts.)

. They were unable to subpoena him because his address was and is kept confidential.

. The prosecution bears the burden of going forward with the evidence in a hearing on a motion addressed to the validity of a pretrial identification, but the defendant bears the burden of proof as to taint on the identification. (See People v Di Stefano, 38 NY2d 640, 652; People v Sutton, 47 AD2d 455, 458-459.)
For purposes of publication, discussion of some of respondents’ objections to the identifications (included in a memorandum on file) is omitted.