■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROADWATER, Appellant. — Judgment unanimously affirmed. Memorandum: That the victim of this rape confused defendant with another person in the lineup affects only the weight to be accorded to two other identifications she made of defendant (see *People v McCullers,* 40 AD2d 796, 797, affd 33 NY2d 806; see, also, *People v Thomas,* 66 AD2d 1001). It is noted that the lineup participant whom the victim identified was included in the lineup at defendant's request and bore a remarkable resemblance to defendant. In reviewing the legal sufficiency in a criminal case, the test to be applied is "whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (*Jackson v Virginia,* 443 US 307, 319) [emphasis in original]" (*People v Contes,* 60 NY2d 620, 621). We conclude that, on the record before us, this standard has been met.

We have considered defendant's other arguments and find no merit to them. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — rape, first degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Denman and O'Donnell, JJ.