■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MITCHELL, Appellant.—By order of this court dated May 21, 1979 (see, People v Mitchell, 70 AD2d 789), this court affirmed a judgment of the Supreme Court, Kings County (Tsoucalas, J.), rendered March 31, 1977, convicting defendant of murder in the second degree and criminal possession of a

weapon in the second degree, upon a jury verdict, and imposing sentence. By order of this court dated June 22, 1981 defendant's motion for reargument was granted.

Upon reargument, this court adheres to its original determination.

Defendant's conviction and sentence for the murder of Charles Freeman, Jr., on August 30, 1975, has been previously upheld by this court (see, People v Mitchell, 70 AD2d 789, supra). We granted reargument of this appeal to consider contentions made by defendant in pro se briefs and a supplemental brief by counsel which were not raised on the appeal. These issues primarily concern a hearing court's denial of defendant's pretrial motion to suppress identification evidence.

The victim was shot and killed at a party attended by approximately 30 young people. Three eyewitnesses to the shooting and another witness, whose boyfriend was threatened with a gun by the perpetrator as he fled the scene, selected defendant's photograph from an array of 10 photographs of similar-looking black males shown to them by police detectives shortly after the incident. Another eyewitness made a "shaky" photographic identification of defendant saying that he looked like the man but she was not absolutely sure. At the pretrial hearing, all but one of the witnesses identified defendant as the person who shot the victim.

There is no evidence in the record of any suggestive conduct on the part of the police detectives who conducted the photographic identification procedures and, therefore, no substantial likelihood of irreparable misidentification as a result of those procedures. Suppression of the witnesses' in-court identifications of defendant at trial was properly denied (see, People v Rahming, 26 NY2d 411, 416). In any event, the testimony shows that the witnesses' in-court identifications of defendant had an independent source in that each witness had an adequate opportunity to observe defendant's face during or before the party or at the time of the incident (see, People v Ballott, 20 NY2d 600, 606-607).

We have reviewed defendant's other contentions and find them to be either unpreserved or without merit. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.