■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BLACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 25, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court acted properly in denying, without a hearing, the defendant's pretrial motion to dismiss the indictment for lack of prompt prosecution. The only matter to be resolved by the court was whether the delay between the time the crime took place and the time of the defendant's arrest was excusable *(see, People v Singer,* 44 NY2d 241, 254). That having been established by the affirmation submitted by the People, the other factors to be considered by the court *(see, People v Bryant,* 65 AD2d 333, 336, *appeal dismissed* 46 NY2d 1037) provided no support for the allegation that the defendant's due process rights had been violated *(see, People v Bonsauger,* 91 AD2d 1001, 1002).

Further, the witness's pretrial identifications of the defendant were properly upheld. The People's failure to retain a photo array shown to the witness shortly after the crime is without effect since the defendant's photograph was assertedly omitted from the May 1 array. Had there been any police impropriety related to the showing of that first photo array, it cannot have had an effect on the subsequent procedures in which the defendant was identified (see, People v Hernandez, 122 AD2d 856). The other factors pointed to by the defendant to challenge the reliability of the witness's identification affect only the weight to be accorded her identification, rather than its admissibility (see, People v Broadwater, 105 AD2d 1065). Without any evidence of suggestive conduct by the police conducting the pretrial identification procedures in which the defendant was identified, suppression of the resulting identification is unwarranted (see, People v Mitchell, 116 AD2d 744, 745).

Finally, the hearing court did not err in concluding that holding a lineup without notifying counsel was not a violation of the defendant's right to counsel (see, People v Hawkins, 55 NY2d 474, 487, cert denied 459 US 846). Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.