■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL MARTIN, Appellant.— Judgment, Supreme Court, New York County, rendered June 6, 1969, convicting defendant of robbery, after trial to a jury, unanimously affirmed. Heretofore (35 A D 2d 786), we remanded to Supreme Court to reopen and continue the pretrial hearing in respect of identification of defendant-appellant by Welch (Welsh), victim of the robbery. The purpose of remand was to ascertain whether Welsh's observation and recognition of appellant, while the latter was being interrogated by police, was tainted with suggestion. It having been established that Welsh could not " with due diligence be found in the state " (Code Crim. Pro., § 8, subd. 3, par. [b]), the hearing court had recourse to his testimony at trial, and decided — and we agree — that the viewing " was not police arranged but mere happenstance, occasioned by Martin's revealing himself at a place and time where Welsh could not help but see him." Thus, there was no constitutional bar to Welsh's in-court identification. The fact that Welsh's testimony at trial was given subsequent to the earlier, held to be incomplete, hearing is of no moment. There is nothing to raise a doubt that it would have differed from the evidence weighed by the court at the reopened hearing. It completed the incomplete evidence at the pretrial hearing, a separate proceeding. Indeed, the procedure followed falls well within the prospective rule laid down in People v. Ganci (27 N Y 2d 418, 427) and is not offensive to

fair trial procedure. Concur — Eager, J. P., Capozzoli, McGivern and Marke-wich, JJ.