THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY SUTTON, Appellant.

Fourth Department, April 17, 1975

*Nathaniel A. Barrell (Joseph B. Mistrett* of counsel), for appellant.

*Edward C. Cosgrove (John De Franks* of counsel), for respondent.

MOULE, J. In this appeal we are called upon to determine who has the burden of proof in a pretrial hearing held for the purpose of determining whether photographic identification procedures used by police violated defendant's constitutional right to due process of law. We also have questions relating to the propriety of allowing a police officer to testify at the trial as to defendant's physical characteristics as a means of supporting a witness' description of him and as to the excessiveness of the trial court's sentence.

On January 14, 1973 two men held up the Red Spot Tavern in the City of Lackawanna. There were three patrons at the bar at the time of the crime. Each saw defendant peering in the window just prior to the robbery and then observed him enter the premises and drink at the bar for approximately one minute. During the robbery, which lasted 10 to 15 minutes, the robbers ordered that the three patrons place their heads on the bar. However, on occasion, each was able to view defendant for brief periods of time. The descriptions of defendant which the patrons gave to the police were that he was black, wore a Russian-style hat and a long trenchcoat, had a string in his ear and wore a goatee. As a result of this description, on January 17 and 18, 1973 each of the three patrons was shown seven photographs, four of which were of black men with goatees or beards. None of the pictures

portrayed a man with a string in his ear. Each witness independently picked defendant as one of the perpetrators of the robbery but none was able to identify defendant's accomplice.

At a pretrial hearing to determine whether the photographic procedures utilized were suggestive, the People called as witnesses the two police officers who conducted the identification and also offered into evidence the seven photographs which were shown to the victims. Defendant requested that the People be required to produce the victims themselves. The court refused to so order and the defense rested without calling any witness. The court found that the pictures shown were similar to one another and that no suggestive photographic identification occurred.

At the trial all three victims identified defendant. On cross-examination they were questioned about the previous photographic identifications. One of the victims testified that defendant had a pierced ear with a string passing through it. Defense counsel then had defendant exhibit his ear to the witness and to the jury. The witness then recanted his identification and said that he was not sure that defendant was the man whom he saw at the Red Spot Tavern. The People later called a Lackawanna police officer who testified that he knew defendant and had seen him wearing a string in his ear two days after the robbery.

Defendant was convicted by the jury of three counts of robbery in the first degree (Penal Law, § 160.15, subd 4) and was sentenced to concurrent terms of 15 years.

Defendant maintains that the People at the pretrial hearing were required to produce the eyewitnesses who participated in the photographic identification for the purpose of proving that the identification procedure was conducted properly. Defendant further urges that the People should not have been permitted to present evidence relating to the defendant's physical characteristics for the purpose of rehabilitating or bolstering the testimony of an eyewitness. Finally, defendant asserts that the fact that he was addicted to drugs was a factor which should have influenced the court to sentence him with leniency and that his sentence was unduly harsh and severe in violation of CPL 470.15 (subd 6, par [b]).

The United States Supreme Court has established a "totality of circumstances" standard to determine whether a pretrial identification procedure violated due process *(Stovall v*

*Denno,* 388 US 293; see *Simmons v United States,* 390 US 377, 385, 386). However, we find no case that directly states who has the burden of proof under the standard.

In pretrial hearings to suppress other types of evidence the burden of proof has been variously allocated. On motions to suppress a confession, the burden is on the People to show beyond a reasonable doubt that the confession was voluntary *(Jackson v Denno,* 378 US 368; *People v Huntley,* 15 NY2d 72). In wire-tap cases the burden is upon the defendant in the first instance, to show that an illegal wire-tap was used *(Nardone v United States,* 302 US 379; see *United States v Wade,* 388 US 218, 239, n 31). In the cases involving searches and seizures, the burden is on the defendant to show that the search was illegal *(People v Berrios,* 28 NY2d 361) unless the People rely upon defendant's consent to the search. In the latter instance, the People must carry the burden of showing the consent was freely and voluntarily given *(Schneckloth v Bustamonte,* 412 US 218; *People v Whitehurst,* 25 NY2d 389; *People v Hobbs,* 50 Misc 2d 561; see Richardson, Evidence [10th ed], § 561, subd. [d]).

It thus becomes apparent that where the People are asserting a waiver of a constitutional right, the burden of establishing the voluntary and knowing quality of the waiver rests upon the prosecution. However, where the defendant is asserting as here that an illegal procedure was used which violated his constitutional right to due process, he must carry the burden of proving his contention.

The wording of CPL 710.20 (subd [b]) supports this conclusion. It provides: "Upon motion of a defendant who * * * (b) *claims that improper identification testimony may be offered against him* in a criminal action, a court may * * * order that such evidence be suppressed" (emphasis supplied). The Court of Appeals, in interpreting a statute where similar language was used concerning motions to suppress physical evidence, held that the statute placed the burden of proof on the defendant because it stated that a person who *claimed* to be aggrieved by an unlawful search and who *claimed* that evidence obtained as a result may be used against him may move to suppress it (Code Crim. Pro., § 813-c; *People v Berrios,* 28 NY2d 361, *supra).* The court's reasoning was that since the defendant *claimed* that he was aggrieved, the burden of proof was properly placed upon him.

The statute involved here contains the same basic terminol-

ogy. Therefore, since a defendant's *claim* that physical evidence unlawfully obtained will be used places the burden of proof on him, he should likewise carry the burden when he *claims* that improper identification evidence will be used. Although case law does not contain a specific statement of this proposition, it does imply that the burden is upon the defendant in identification hearings.

In *Matter of James H.* (34 NY2d 814) the Court of Appeals in remitting a criminal case for an identification hearing directed that the defense counsel be permitted to explore the issue of whether a pretrial identification violated due process. From this it would appear that the court believed that the burden of proof was upon defendant *(Matter of James H., supra,* p 816).

In *People v Logan* (25 NY2d 184) the defendant during the course of a trial requested a preliminary inquiry to determine whether an in-court identification was tainted by a prior out-of-court identification. The court found that since it had not been established that the out-of-court identification violated procedural due process no preliminary inquiry should be conducted *(People v Logan, supra,* pp 193, 194). Paperno and Goldstein, Criminal Procedure in New York (Part 1, § 296) states that at hearings upon motions to suppress, the defense has the burden of presenting evidence which "if true and no contradictory evidence were submitted would require the granting of the motion." Another text, Cipes, Criminal Defense Techniques (vol 1, § 2.15 [3]), in discussing burden of proof on motions to suppress improper identification, says "[o]n the motion to suppress, the burden of proof is of course on the moving party, i.e., the defense" to show that the pretrial identification was unconstitutional. The American Law Reports series is in accord in stating that the defendant is the party who must properly show that the " 'totality of the circumstances' surrounding the pretrial identification proceeding resulted in a suggestive atmosphere" (Ann. 39 ALR3d 487, 490).

Therefore, we conclude that there was no error committed when the court refused to require the People to produce the eyewitnesses at the pretrial hearing and that the People properly met their initial burden of going forward with evidence by showing the reasonableness of the police conduct in the first instance (see *People v Berrios,* 28 NY2d 361, 367, *supra).*

Defendant urges *People v Rahming* (26 NY2d 411) as authority for his position but that case has no application to the situation involved herein. *Rahming* deals only with the burden of proof which exists after the defendant has established that a procedure in violation of due process was used. In that situation the burden shifts to the People to show by clear and convincing evidence that regardless of the improper procedures an in-court identification has an independent basis and would not, therefore, be tainted (see *United States v Wade,* 388 US 218, *supra; People v Logan,* 25 NY2d 184, *supra).*

*Rahming* does have relevance in that it shows the impracticality and unfairness of requiring the People to produce the eyewitnesses at the initial inquiry to determine whether the pretrial identification was improper. Those witnesses are inconvenienced when they are required to come to the identification itself, are again inconvenienced when they are required to testify as to an independent basis for their in-court testimony after a finding of impropriety has been made and are further inconvenienced when required to attend the trial itself.

Moreover, the eyewitnesses who failed to testify at the hearing testified at the trial and no testimony was elicited from them which showed that any improper identification procedure, in violation of due process, was used *(People v Butler,* 35 AD2d 771; see *Gilbert v California,* 388 US 263, 272, 273). There was no error in permitting the People to elicit testimony from a police officer that he saw defendant with a string in his ear two days after the crime. When upon cross-examination one of the witnesses stated that the criminal had a pierced ear, defense counsel, on his own initiative, had the defendant exhibit his ear to the jury to show that defendant's ear was not pierced. Thus a factual issue was raised by defendant which the People had a right to rebut. Even if this were assumed to be error, it would be nonconstitutional error and would, therefore, not be reversible unless the defendant showed that there was a significant probability, rather than only a rational possibility, that the jury would have acquitted the defendant had it not been for the error *(People v Crimmins,* 36 NY2d 230). There was no such showing.

We have considered defendant's contention that his sentence, although legal, was unduly harsh or severe. However, a gun was used in the commission of the crime and one of the victims was assaulted. We have considered this along with the

presentencing report and conclude that the sentence should not be disturbed (see *People v Thiel,* 29 AD2d 913, 914).

The judgment should be affirmed.

MARSH, P. J., SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Judgment unanimously affirmed.