**Leroy SUTTON, Petitioner,**

v.

**Harold BUTLER, Superintendent, Wallkill Correctional Facility, Respondent.**

**No. CIV–77–156.**

United States District Court, W. D. New York.

April 20, 1979.

Leroy Sutton, for petitioner, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, Lauren R. Wixson, Buffalo, N.Y., of counsel, for respondent.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Petitioner, presently incarcerated in the Wallkill Correctional Facility, has submitted an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted May 16, 1973 of three counts of robbery in the first degree after a jury trial in the New York Supreme Court, Erie County, and was sentenced to three concurrent indeterminate terms of 15 years. Such conviction and sentence were affirmed by the Appellate Division, Fourth Department (*People v. Sutton,* 47 A.D.2d 455, 366 N.Y.S.2d 500 (1975)), and leave to appeal was denied by the Court of Appeals.

Petitioner's conviction arose out of the January 14, 1973 robbery of the Red Spot

Tavern in Lackawanna, N. Y. At about midnight that evening, two black men entered the tavern. The tavern's three patrons observed their entry and looked on as one of them, later identified as petitioner, ordered a drink. Shortly thereafter, one of the men produced a sawed-off shotgun and the robbers forced the bartender and patrons to hand over monies from the tavern's cash register and safe, and from their persons. Although the robbers had ordered the patrons to place their heads on the bar, each was able to view the men for brief periods during the robbery. After the robbery, the three patrons provided descriptions of the two men to investigating police officers. The patrons described one robber as black, with a gray goatee and a string in one ear, and dressed in a Russian-style hat and a long trenchcoat. The description caused Lackawanna police to consider petitioner, who matched such description, as a suspect in their robbery investigation. A few days later, on January 17th and 18th, the three witnesses were independently shown a photographic display of seven photographs, one being that of petitioner. Each patron identified petitioner's photograph as being that of one of the robbers.[1]

Following petitioner's arrest, he moved to suppress the above identifications, and a *Wade* hearing was held to determine whether the photographic displays were impermissibly suggestive. Prior to the taking of testimony, petitioner's attorney noted that the State would offer only the testimony of the two police officers who conducted the photographic displays and would not call any of the three patrons as witnesses. He demanded that the State produce one or more of the patrons for the purpose of providing testimony. The court denied petitioner's demand and received the testimony of the two officers. At the close of the State's evidence, petitioner's attorney urged that the photographic identifications be

suppressed by reason of the State's failure to call any of the patrons. Petitioner, however, declined to offer any evidence in rebuttal. The cognizant judge then denied petitioner's motion to suppress, finding that the procedures used were not impermissibly suggestive. At petitioner's trial, the patrons were the chief prosecution witnesses, each testifying as to the photographic display and making an in-court identification of petitioner. Such evidence provided the sole link between petitioner and the crimes charged.

In his application for a writ of habeas corpus, petitioner alleges that his constitutional rights under the Sixth[2] and Fourteenth Amendments were violated during the *Wade* hearing. The gravamen of his claim is that the State's failure to produce any of the three patrons as witnesses denied his right to confrontation, and further, that their testimony was essential to a determination of the reliability of the identification procedure. Petitioner does not challenge the photographic displays themselves as being impermissibly suggestive. Thus, the instant case does not involve the genre of due process issue ordinarily presented in pretrial identification cases.

The purpose of a pretrial hearing as that held in the case herein is to determine whether the photographic display was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *United States v. Bubar*, 567 F.2d 192 (2d Cir.), *cert. denied*, 434 U.S. 872, 98 S.Ct. 217, 54 L.Ed.2d 151 (1977). If the procedure is found to have been unnecessarily suggestive, the court is then to consider whether the identification procedures possess sufficient aspects of reliability. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct.

1. The patrons were shown another photographic display of about 20 photos in an attempt to identify the second robber. None was able to identify him from such display.

2. At page 2 of petitioner's application for a writ of habeas corpus, petitioner sets forth the text

of the Sixth Amendment in support of his application, but has denominated said passage as "U.S. Constituion [sic], Fifth Amendment." It is clear from his application that he is alleging a deprivation of his Sixth Amendment rights and I interpret his argument accordingly.

2243, 53 L.Ed.2d 140 (1977); *United States v. Bubar, supra.* *See, Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Such determinations are to be based on the totality of the circumstances which the adduced evidence shows.[3]

It is obvious that testimony of the persons who made positive photographic identifications is highly relevant to the above issues. However, petitioner's argument that the pretrial identifications should have been suppressed by reason of the State's failure to produce one or more of the patrons as witnesses is not tenable.

Section 610.20(3) of New York's Criminal Procedure Law provides in pertinent part:

"An attorney for a defendant in a criminal action or proceeding, as an officer of a criminal court, may issue a subpoena of such court, subscribed by himself, for the attendance of any witness whom the defendant is entitled to call in such action or proceeding. * * * *"

While it is unclear when petitioner first learned that the State did not intend to call any of the patrons as witnesses, petitioner through his attorney neither served subpoenas upon the patrons before the hearing nor requested an adjournment of the hearing to permit the serving of such subpoenas. Inasmuch as petitioner made no attempt to call the patrons as witnesses in his behalf, I find that his right to confront witnesses under the Sixth Amendment and his right to due process under the Fourteenth Amendment were not violated by the court's refusal to require the State to produce any of the three patrons. In addition, my review of the testimony at trial shows that the patrons' descriptions of the photographic display procedures are supportive of the court's finding that such procedures were not impermissibly suggestive.

Petitioner's application for a writ of habeas corpus is therefore hereby denied and his petition dismissed.

Certificate of probable cause is denied.

Permission to appeal in forma pauperis is also denied with the qualification that the petitioner may file a notice of appeal with the Clerk of the United States District Court, United States Court House, Buffalo, New York 14202, without the payment of filing fees.

This denial does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit, United States Court House, Foley Square, New York, 10007, for a certificate of probable cause and for permission to prosecute an appeal in forma pauperis.

So ordered.

---

**3.** On petitioner's appeal (*People v. Sutton, supra*), the Appellate Division, Fourth Department, held that the state had the initial burden of going forward with evidence by showing the reasonableness of the police conduct in the first instance, but that petitioner had the burden of proving that the photographic displays were impermissively suggestive. The court found that the state met its burden of going forward by adducing the two officers who conducted the displays and that the court did not commit error by refusing to require the state to produce the patrons at the suppression hearing. *Id.,* at 366 N.Y.S.2d 500. While I question the Appellate Division's burden of proof rationale inasmuch as decisions of the United States Supreme Court and this Circuit have applied a totality of circumstances test without mention of placing the burden of proof on the state or defendant, I need not reach the merits of this issue.