■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT CRUZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered October 20, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and as a matter of discretion in the interest of justice, and new trial ordered. ¶ It is well established that a Trial Judge has a duty to assume an active role in the examination of witnesses in an effort to clarify issues, to elicit or develop significant facts and to facilitate the orderly progress of the trial (see *People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519). When, however, the Trial Judge oversteps those bounds and assumes a prosecutorial role, there is a denial of due process and a new trial must be ordered (see *People v De Jesus, supra*). Upon our review of the record in this case we find that the Trial Judge unduly injected himself into the trial by his excessive questioning and examination of the witnesses which tended to emphasize the key elements of the prosecution's case and trivialize the theory of the defense. By his conduct, the Trial Judge assumed the role of an advocate rather than an impartial referee and thereby denied defendant a fair trial. Therefore, a new trial is ordered. ¶ We have considered defendant's other arguments and find them to be without merit. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINCOLN DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 15, 1981, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress identification testimony. ¶ Case remitted to Criminal Term for further proceedings consistent herewith, and appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. ¶ At a *Wade* hearing, Criminal Term denied defendant's request to call the complainant as a witness with respect to whether he had seen defendant in custody at the precinct prior to the exhibition of a photo array and lineup. On the record before us, we cannot say the request, insofar as it related to a potential taint in the identification process, was made in palpably bad faith. Accordingly, the court improperly denied the application (*People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on dissenting opn of Hopkins, J.; *People v Murray,* 79 AD2d 993). Thus, the *Wade* hearing must be reopened to receive testimony relevant to the issue of potential taint. Lazer, J. P., Niehoff, Boyers and Lawrence, JJ., concur.