■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WHITE, Appellant. — Appeal, by permission, from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered January 25, 1983, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree and robbery in the first degree, after a hearing. ¶ Defendant brought the instant proceeding pursuant to CPL article 440 to vacate his 1975 convictions rendered upon a jury verdict. He contends that his convictions were unconstitutionally procured in that tainted identification evidence was introduced at the trial. It is clearly established, however, that defendant's counsel made an appropriate pretrial challenge to the identification procedures employed by the police, participated in a *Wade* hearing and objected on the record to the introduction of the identification evidence. It is true that this issue was not raised on the direct appeal from the judgment of conviction (*People v White,* 57 AD2d 669). However, since the subject matter of defendant's instant application and all of the necessary facts were sufficiently contained in the original record to have permitted adequate review on the direct appeal, defendant's present motion was properly denied unless his failure to raise the issue on appeal was justifiable (CPL 440.10, subd 2, par [c]). ¶ The only justification defendant cites is a claim that counsel on appeal erroneously failed to press the point because, in his judgment, it lacked merit. Thus, defendant's present objection is actually based upon a claim of ineffective assistance of counsel on appeal. Assuming, *arguendo,* that such a claim is cognizable in a CPL article 440 motion, we find no merit to it here. It is well settled that postjudgment relief from a criminal conviction may not be based on errors in judgment or tactics of counsel (*People v Brown,* 7 NY2d 359, cert den 365 US 821; *People v Bove,* 34 AD2d 704). The record in this case does not demonstrate even that degree of ineffective representation. The error in the *Wade* hearing which defendant now points to was the absence of testimony from an eyewitness who made an identification from an array of some 350 police photographs, and the failure to preserve all of the photographs for inspection by the suppression court. Certainly, it cannot be assumed that a spread of 350 photographs was in any way inherently suggestive or that the failure of the police to isolate and preserve all 350 for inspection by the court was the result of some ulterior motive. Since defendant failed to make any showing whatsoever that the procedure used was inherently suggestive, there was no requirement that the eyewitness be produced at the suppression hearing (*People v Sutton,* 47 AD2d 455, 459). The failure of defendant's counsel to attack on appeal the trial court's denial of his motion to suppress the identification evidence was, therefore, clearly not an instance of ineffective

representation. For the foregoing reasons, the order denying defendant's motion to vacate the judgment of conviction should be affirmed. ¶ Order affirmed. Mahoney, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.