■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kuffner, J.), rendered October 24, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to two concurrent indeterminate terms of imprisonment of 15 years to life and 12 years to life.

Judgment modified, on the law, by vacating the sentence and remitting the matter to the Supreme Court, Kings County, for the resentencing of defendant as a second violent felony offender pursuant to Penal Law § 70.04. As so modified, judgment affirmed.

The Judge presiding at the *Wade* hearing properly denied the defense motion to suppress the identification testimony of the only eyewitness to the robbery who testified at the trial, as the photographs of the lineup in which he identified defendant revealed that this pretrial identification procedure was conducted fairly and was not unduly suggestive. Under the facts of the instant case, there is no merit to the defense contention that the failure of the People to call the identifying witness at the *Wade* hearing constitutes reversible error. On a motion to suppress eyewitness identification testimony, the defense bears the over-all burden of proof to establish that a pretrial identification procedure was unduly suggestive (*see, People v Sutton,* 47 AD2d 455; *People v Carter,* 117 Misc 2d 4, 13; *see also, People v Berrios,* 28 NY2d 361, 367), once, as in the instant case, the People have

met their initial burden of going forward to establish the reasonableness of the police conduct and the lack of suggestiveness of the pretrial identification procedures. In such a case, no reversible error is committed if the People fail to call the identifying witness at the *Wade* hearing (*see, People v Sutton, supra,* p 459; *People v Carter, supra*). It is only when the defense has established that a pretrial identification was so impermissibly suggestive as to deny the defendant due process of law that the burden of proof shifts to the People to demonstrate, by clear and convincing evidence that the eyewitness' in-court identification of defendant was based upon a source independent of the tainted procedure (*see, People v Rahming,* 26 NY2d 411, 417; *People v Sutton, supra,* p 460).

The Trial Judge did not commit reversible error by omitting from his detailed charge on evaluating the accuracy and reliability of the eyewitness identification testimony (*see, People v Daniels,* 88 AD2d 392, 401-402), the fact that the lineup took place approximately six months after the robbery. The identification charge delivered at bar was substantially more detailed than the charge in *People v Whalen* (59 NY2d 273, 279), informing the jury that the People must establish the identity of the defendant beyond a reasonable doubt, which the Court of Appeals has held is "technically correct". Further, the evidence adduced at the trial was sufficient to establish defendant's guilt beyond a reasonable doubt (*see, People v Joyiens,* 39 NY2d 197). The Judge's ruling at the *Sandoval* hearing that the prosecutor would be allowed to cross-examine defendant, if he took the stand, with regard to two prior felony convictions and one prior misdemeanor conviction, without mentioning the underlying charges involved, was properly arrived at and designed to minimize any prejudicial impact upon the defendant (*see, People v Handly,* 96 AD2d 649; *People v Hicks,* 88 AD2d 519).

The People properly concede that defendant was erroneously sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08. In *People v Morse* (62 NY2d 205) the Court of Appeals held that, in order for a defendant to be sentenced as a persistent violent felony offender, the sentence for each of the predicate violent felony offenses must have been imposed prior to the commission of the next predicate offense (*see,* Penal Law § 70.08 [a]; § 70.04 [1] [b] [ii]). This requirement was not fulfilled at bar, as defendant's two prior convictions of violent felony offenses resulted from guilty pleas to separate indictments entered on the same day and he received concurrent one-year prison sentences for both charges on another date. Therefore, these two convictions must be considered one predicate violent

felony offense pursuant to *People v Morse* (*supra*) and the matter must be remitted to the Supreme Court, Kings County, for the resentencing of defendant as a second violent felony offender pursuant to Penal Law § 70.04. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.