OPINION OF THE COURT
Eugene P. Bambrick, J.
On March 14,1985, the court denied the defendant’s motion to suppress oral, written and electronically recorded statements allegedly made by the defendant. The court also denied the defendant’s motion to suppress identifications made by Diana Martinez, Carmen Carlo and Nestor Santos. However, the court reserved decision as to the identification made by Jennie Garcia.
On October 26, 1984, Jennie Garcia viewed a photo display which included a photo of the defendant. According to the testimony of Detective Hector DeFendini, who conducted the photo display, Jennie Garcia picked the photo of the defendant as the person she saw at the scene of the incident. On October 29, 1984, Jennie Garcia viewed a lineup, which included the defendant. According to the testimony of Police Officer Frida Matos, who conducted the lineup, Jennie Garcia picked the defendant as the person she saw at the scene of the incident.
On October 26, 1984, Carmen Carlo and Nestor Santos each separately viewed the same photo display that was conducted by Detective Hector DeFendini and was separately viewed by Jennie Garcia. On October 29,1984, Diana Martinez, Carmen Carlo and Nestor Santos each separately viewed the same lineup that was conducted by Police Officer Frida Matos and was separately viewed by Jennie Garcia.
Diana Martinez, Carmen Carlo and Nestor Santos were produced by the People and testified at the hearing held before this court. The People were unable to produce Jennie Garcia at the hearing.
*926 Asserting that the People should have produced Jennie Garcia at the hearing, the defendant urges the court to grant the motion to suppress identification testimony by Jennie Garcia.
The People alleged that, as shown by the testimony of Detective DeFendini, the photo-display identification by Jennie Garcia was constitutionally proper; and that, as shown by the testimony of Police Officer Frida Matos, the lineup identification by Jennie Garcia was constitutionally proper. The court finds that nothing constitutionally improper was shown to have taken place at the photo-display and lineup identifications by Jennie Garcia.
Since the burden of proving a due process violation is on the defendant, the People urge the court to deny the defendant’s motion to suppress identification testimony by Jennie Garcia despite the People’s inability to produce her at the hearing, citing People v Blue (31 NY2d 1002 [1973]) and People v Sutton (47 AD2d 455 [4th Dept 1975). In People v Blue, the Court of Appeals held that it was not error that the eyewitness did not testify at the suppression hearing. In People v Sutton, the Appellate Division (4th Dept) also so held.
In People v Martin (35 AD2d 786) an eyewitness did not testify at the suppression hearing, but did testify at the trial. Upon appeal from the defendant’s judgment of conviction, the Appellate Division withheld determination as to the appeal and remitted the matter “in the exercise of discretion and the interest of justice” to the Supreme Court for the reopening and continuance of the pretrial hearing on the subject of identification of the defendant by the eyewitness, to make new findings of fact, conclusions of law and a determination. (People v Martin, 35 AD2d 786 [1st Dept 1970], supra.) Upon remittal the eyewitness could not “ ‘with due diligence be found in the state’ ”. (People v Martin, 38 AD2d 536.) The hearing court then had recourse to the eyewitness’s testimony at trial and determined that there was no constitutional bar to the eyewitness’s in-court identification. The Appellate Division thereupon affirmed the defendant’s judgment of conviction. (People v Martin, 38 AD2d 536 [1st Dept 1971], supra.) The Court of Appeals affirmed, without opinion (32 NY2d 771).
The appellate courts in People v Blue (supra), People v Sutton (supra) and People v Martin (supra) were ruling after the fact, that is, a trial had been held. In the case before this court, however, the matter has not yet gone to trial. Most comparable to the case before this court is the situation presented at the first appeal in People v Martin. There, believing the eyewitness was *927 available to testify, the Appellate Division “in the interest of justice” remitted the matter to the Supreme Court for the reopening and continuance of the pretrial suppression hearing. Years after the second appeal in People v Martin the same appellate court cited with approval this remedy it had fashioned in the first appeal. (People v Andriani, 67 AD2d 20 [1st Dept 1979].) In the case before this court, the eyewitness Jennie Garcia may be available to testify at the trial. Therefore, in the interest of justice, this court holds: before she may be permitted to testify at the trial concerning an identification of the defendant, Jennie Garcia shall testify at a hearing concerning her photo-display and lineup identifications. Because CPL 710.40 (3) provides that where, as here, a motion to suppress is made before trial, the trial cannot commence until the motion is decided, the hearing shall be held before the trial is commenced.
The motion to suppress an identification made by Jennie Garcia is granted to the extent hereinbefore indicated.