■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP BROWN, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Richmond County (Felig, J.), each rendered April 27, 1983, convicting him of attempted robbery in the first degree and attempted burglary in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of defendant's motion to suppress identification testimony.

Judgments affirmed.

Defendant contends that the court erroneously denied his motion to suppress identification testimony and complains that the People did not present the complaining witness to testify at the *Wade* hearing. He suggests that this deprived his counsel of the opportunity to question the witness as to his powers of observation and recollection, and as to the lighting conditions at the time of the alleged crime. This contention must be rejected. There is no automatic rule which requires that a complaining witness testify at a *Wade* hearing *(see, People v Ward,* 95 AD2d 233; *People v Blue,* 37 AD2d 581, *affd* 31 NY2d 1002).

Neither do we find any merit to defendant's claim that the guilty pleas were defective because the court did not adequately question him as to whether he understood the rights which he was waiving as a result of his pleas. Defendant failed to raise this objection in the court of first instance and the issue has therefore not been preserved for our review as a matter of law *(People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997). In any event, even if we were to consider his claim, we would find it to be meritless. Defendant indicated that he made the decision to plead guilty after discussing the matter with his lawyer, and after consideration of the lenient sentences offered in exchange for his pleas, which were the minimum authorized by statute. It is clear from the record that defendant's pleas were entered knowingly, voluntarily, and with an understanding of the consequences *(see, People v Jones,* 109 AD2d 893).

Defendant's other contentions have been reviewed and found to be without merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.