■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered August 24, 1983, convicting him of robbery in the first and second degrees, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant and two accomplices were charged with having robbed the owner of a grocery store, his co-workers and several of his customers on February 4, 1982. A young woman in the apartment above the store noted the license plate number of the robbers' getaway car, which she gave to a police detective. Several days later, a car with the same license plate number was stopped, and its four occupants were arrested. Defendant was not among them. In the car, the police found several guns, jewelry, cash, and some of the proceeds of the robbery. A police detective assembled a photo

array which included defendant's picture after it was learned that defendant was associated with one of the car's occupants. The owner of the store selected defendant's photo as depicting one of the robbers, and several days later, he picked defendant out of a corporeal lineup. Defendant was arrested and subsequently indicted.

At the pretrial hearing on defendant's motion to suppress the complainant's identification testimony, the People presented the testimony of the detective who conducted the photo and corporeal lineups to establish the fairness and lack of suggestiveness of the procedures. The complainant had moved to Puerto Rico and did not testify. Defendant's request for an adjournment to await the complainant's return to New York so that he could be called as a witness at the hearing was denied by the hearing court due to an inadequate showing of necessity. This request was properly denied, since defendant had failed to establish that the identification procedures were in any way unfair or unduly suggestive. It is only when the defense has met this burden, after the People have met their initial burden of going forward to establish the reasonableness and lack of suggestiveness of the pretrial identification procedures, that the People must show, through the complainant, that an in-court identification has a source independent of the tainted procedure (*People v Jackson,* 108 AD2d 757; *People v Sutton,* 47 AD2d 455; *People v Rahming,* 26 NY2d 411). Furthermore, the hearing court invited defendant to renew his motion after questioning the complainant at trial, but defendant failed to elicit any testimony at the trial with regard to the pretrial identification procedures. The objection was, therefore, waived, and no due process violation occurred.

However, during the trial, defendant did renew his motion to suppress the complainant's in-court identification after learning of a purported conversation between the complainant and a police detective in the hallway outside the courtroom. At that time, defendant was seated at counsel's table with three other, similar-looking black males in anticipation of the complainant's testimony. Defendant's mother claimed that the detective looked into the courtroom and informed the complainant that defendant was the one wearing a tweed jacket. The court conducted a hearing out of the presence of the jury and accepted the detective's version of the incident, which was that he merely responded to the complainant's inquiry as to who the people in the courtroom were by stating they were probably friends and relatives of defendant. In any event, there was no prejudice to defendant since he exchanged

clothing with one of the stand-ins prior to the complainant's testimony, during which he was again identified.

Defendant has failed to persuade this court that his statutorily authorized sentence was excessive or that it should be modified in the interest of justice. Moreover, we have reviewed the record and find defendant's other objections to be without merit. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.