■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINCOLN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 15, 1981, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress identification testimony. By order dated March 5, 1984, this court remitted this case to Criminal Term to reopen the *Wade* hearing for the making of additional findings of fact and ordered that the appeal be held in abeyance pending Criminal Term's report *(People v Davis,* 100 AD2d 518). Criminal Term has now complied.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion granted to the extent that the victim's lineup identification of the defendant is suppressed, and new trial ordered.

After a trial by jury, the defendant was convicted of robbery in the first degree and criminal use of a firearm in the first degree, arising out of the January 24, 1981 robbery at gunpoint of one Joseph Blair. On appeal, the defendant alleged, *inter alia,* that the *Wade* hearing court improperly refused his request to call Blair as a witness with respect to whether Blair had seen the defendant in custody prior to the showing of a photographic array and a lineup. This court ruled that the *Wade* hearing should be reopened to receive testimony relevant to this issue and, accordingly, remitted this matter to Criminal Term *(People v Davis, supra).*

At the reopened hearing, it was established that Blair did not view the defendant in custody prior to the identification procedures. Over the People's objection, however, the court permitted defense counsel to elicit additional testimony from Blair concerning the lineup. The court subsequently found that the lineup was impermissibly suggestive. Under all the circumstances of this case, we cannot say that the court erred.

Blair was the only witness to the crime and, save for his identification testimony, no other evidence was adduced to inculpate the defendant in the robbery. Blair did not testify at the original *Wade* hearing despite the defense's efforts to have the People produce him. The People argue that the hearing court's receipt of the evidence concerning the lineup was beyond the scope of our order. However, we find that, under the circumstances presented, the court properly admitted Blair's testimony.

The record also establishes that Blair had a substantial independent basis for identifying the defendant at trial and, therefore, the in-court identification of the defendant by Blair was proper. However, a new trial must be ordered because (1) Blair's testimony that he identified the defendant at a lineup should not have been admitted and (2) a police officer's trial testimony that Blair identified the defendant in the lineup constituted improper bolstering *(see, People v Ross,* 79 AD2d 666). Accordingly, these inquiries should not be repeated at the new trial.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.