■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD TWEEDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin,

J.), rendered May 6, 1985, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ritter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, "[t]here is no automatic rule which requires that a complaining witness testify at a *Wade* hearing" *(People v Brown,* 111 AD2d 928, 929). As our previous decisions have held, it is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution had met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for the in-court identification must be elicited from the complainant *(see, People v Jones,* 112 AD2d 952, *lv denied* 66 NY2d 615; *People v Jackson,* 108 AD2d 757; *see also, People v Sutton,* 47 AD2d 455). In this case, the prosecution satisfied its initial burden both by demonstrating that the defendant's picture was inserted in a photographic array after an eyewitness familiar with the defendant named him as a participant in the crimes and by establishing that the array contained pictures of individuals who were similar in appearance to the defendant. The defendant's assertion that his photograph should not have been used because he did not precisely match the complainant's description of either of her attackers does not indicate that the identification procedure was in any way suggestive. Hence, the hearing court committed no error in denying a request by the defense that the complainant be called as a witness so that the issue of whether there was an independent source for her in-court identification could be explored. The defendant's additional claim with respect to the *Wade* hearing is not preserved for appellate review and is, in any event, without merit.

We find unpersuasive the defendant's contention that the sentences he received were harsh and excessive. The record reveals that the court properly applied all the salient sentencing factors, and we perceive no error in the imposition of the challenged sentences *(see, People v Pedraza,* 66 NY2d 626; *People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.