■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MONROE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered March 26, 1984, convicting him of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

Initially we note that the pretrial identification was not unduly suggestive. The victim was asked if she recognized anyone in the lineup and she immediately identified the defendant. She did not observe the defendant or the stand-ins prior to the lineup, and no suggestion was made as to whom she should select. As the arresting officer's testimony as to these facts was sufficient, there was no need to subject the eight-year-old victim to giving testimony at the hearing. There is no automatic rule requiring that the complainant testify at a *Wade* hearing (see, *People v Brown*, 111 AD2d 928). Thus, suppression of the pretrial identification was properly denied.

We find that the defendant voluntarily accompanied the police to the precinct and was not placed under arrest until he was identified in the lineup.

The assessment of the evidence and the witnesses' credibil-

ity was a question primarily for the jury and we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see, People v Jeffries,* 125 AD2d 412, *lv denied* 69 NY2d 882; CPL 470.15 [5]).

We cannot accept the defendant's argument that prosecutorial inquiry into the underlying facts of 9 of his 24 prior convictions was unduly prejudicial. Such evidence was relevant to impeach his credibility and to demonstrate that he consistently placed his interests above those of society *(see, People v Allweiss,* 48 NY2d 40; *People v Duffy,* 36 NY2d 258, *motion to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). As this case involved both direct and circumstantial evidence, we find no error in the court's failure to deliver a "moral certainty" charge *(see, People v Barnes,* 50 NY2d 375; *People v Benzinger,* 36 NY2d 29).

The defendant's final claim of error in the submission of a verdict sheet is not preserved for review (CPL 470.05 [2]), and we decline to reach it in the interest of justice. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.