■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY ELLIS, Appellant.—Judgment, Supreme Court, New York

County (Carol Arber, J.), rendered March 23, 1987, convicting defendant upon his guilty plea of the crime of criminal possession of a controlled substance in the fifth degree, unanimously reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed.

The Supreme Court erred in denying defendant's motion to suppress the physical evidence seized by the arresting officers, inasmuch as the People failed to establish probable cause for defendant's arrest. At the hearing on defendant's motion, the People's only witness, Officer Stevens, testified that he acted on the basis of a radio communication. When the People failed to produce the officer who had transmitted the radio message, defense counsel moved to dismiss. The prosecutor, however, maintained that at a *Mapp* hearing the People need only show what the facts were that led to the arrest. The People now concede that their failure to call the officer who sent the radio communication was fatal to their case.

The presumption that probable cause exists for a search or seizure based on information contained in a police radio report is a rebuttable one and, upon a challenge from the defendant, "the presumption of probable cause that originally cloaked that action disappears from the case." *(People v Lypka,* 36 NY2d 210, 214 [1975]; *People v Havelka,* 45 NY2d 636 [1978].) Inasmuch as the People had the opportunity to call the transmitting officer but failed to do so, suppression is warranted *(People v Havelka, supra,* at 643-644). Concur—Murphy, P. J., Sandler, Asch, Rosenberger and Smith, JJ.