■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PETERKIN, Appellant.—Judgment of the Supreme Court, New York County (Rose L. Rubin, J.), rendered on April 3, 1987, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 2½ years to 5 years, is affirmed.

Although there are instances when the testimony of the complaining or identifying witness might be necessary at a pretrial hearing, a defendant has no unqualified right to have that witness produced *(People v Blue,* 31 NY2d 1002; *People v Monroe,* 135 AD2d 741; *People v Tweedy,* 134 AD2d 467; *People v Brown,* 111 AD2d 928; *People v Jackson,* 108 AD2d 757; *People v Ward,* 95 AD2d 233; *People v Inman,* 80 AD2d 622; *People v Sutton,* 47 AD2d 455). In that regard "[i]t is well settled that information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" *(People v Hairston,* 117 AD2d 618, 620; *see also, People v Hicks,* 38 NY2d 90; *People v Ward, supra; People v Crespo,* 70 AD2d 661).

In the present case, two police officers in a marked patrol car were approached by an identified individual who reported that he had just been robbed by some men and that one of them was in possession of a knife. The complainant provided a description of the two perpetrators and stated that they had fled in the direction of the subway station at 42nd Street near Third Avenue. Two transit officers standing near the token booth, who had recently observed two persons fitting the description furnished by the victim, searched the area and noticed defendant herein and his colleague on the shuttle

platform. Following a pat-down search, the two men were handcuffed with their hands behind their backs, and the complainant was brought over to identify them. They were thereafter placed under arrest and a more thorough search ensued. Credit cards and cash belonging to the complainant were recovered from defendant. At the pretrial hearing conducted in connection with the instant matter, all four officers involved in defendant's arrest took the stand. Although the two patrol officers could not recall the victim's description of the perpetrators' clothing, they testified that they related the information obtained from the complainant to the transit officers, and the latter did remember the details of the perpetrators' apparel. The evidence also demonstrated that defendant and his companion matched the description given by the complainant, who positively identified them both at a showup held within minutes of their being detained on the subway platform. Accordingly, the proof elicited at the hearing clearly established the existence of probable cause to arrest, and there was no reason to require that the complaining witness be produced, particularly since defendant does not challenge the sufficiency of the officers' information or claim that the victim's testimony would have been different in any respect from that of the officers. Thus, unlike the situation in *People v Havelka* (45 NY2d 636) or *People v Ellis* (138 AD2d 325), the officers who had actually received the complainant's information testified at the hearing and not merely the officer(s) who had acted on information transmitted by someone else.

The dissent contends that the *Wade* hearing in the instant matter should be reopened in order to enable the defense to call the complaining witness with respect to the assertion that the subway platform showup was unfair and prejudicial. However, the law mandates the production of eyewitnesses only where the evidence indicates that the pretrial identification was so inherently and impermissibly suggestive as to deny defendant the due process of law, and an independent basis for the witness's identification must be shown *(People v Tweedy, supra; People v Jones,* 112 AD2d 952, *lv denied* 66 NY2d 615; *People v Jackson, supra; People v White,* 102 AD2d 903; *People v Sutton, supra).* Indeed, to hold otherwise would enable a defendant to subvert the purpose of a suppression hearing, which is to examine the legality of police conduct, and convert it into a vehicle for pretrial discovery by allowing him, in effect, to engage in an examination before trial.

In a *Wade* hearing, the People have the burden of establishing that the police utilized proper identification procedures,

while the defendant must show that such procedures were so unduly suggestive that he was thereby deprived of due process *(see, People v Rahming,* 26 NY2d 411; *People v Logan,* 25 NY2d 184).* Accordingly, "it is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution has met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for the in-court identification must be elicited from the complainant" *(People v Tweedy, supra,* at 468). Although it is conceivable that an eyewitness might be necessary under certain circumstances in order to show suggestiveness, in this case defendant failed to make any factual demonstration whatever that the identification procedure in question was inherently suggestive, and the hearing court appropriately declined to compel the production of the complainant *(see, People v Tweedy, supra; People v Jones, supra; People v Jackson, supra; People v White, supra; People v Sutton, supra).* The absence of any impermissibly suggestive identification procedure in the instant case is in marked contrast to the situation in *People v Andriani* (67 AD2d 20, *cert denied sub nom. Boutureira v New York,* 444 US 866), where there was secrecy surrounding the lineup, and *People v Martin* (35 AD2d 786), in which the victim apparently made an identification after he had previously observed defendant in police custody. Finally, it should be noted that *People v Gilliam* (45 AD2d 744, *revd on dissenting opn* 37 NY2d 722), also cited by the dissent, concerns the failure to produce a witness at a trial, not a hearing, which is quite a different issue. Concur—Kupferman, J. P., Ross, Milonas and Ellerin, JJ.

Smith, J., dissents in part in a memorandum as follows: I would adhere to a long-standing rule in this department by holding the appeal in abeyance and remanding the matter to the trial court for a reopened *Wade* hearing at which the defendant is permitted to call the complaining witness to testify.

Following a *Wade* hearing and the denial of the defendant's motion to suppress identification testimony, the defendant pleaded guilty to attempted robbery in the second degree. At the time of the plea, defendant admitted that he and another person forcibly stole property from the complainant.

One of the grounds for defendant's appeal of the suppression ruling is a decision by the hearing court denying the defendant's repeated request to be permitted to call the complaining witness with respect to his assertion that a showup in

the subway station where he was identified by the complaining witness was unfair and prejudicial. The defense counsel specifically denied any intent to question the complainant about the underlying robbery. The hearing court concluded that the complainant's testimony would be cumulative.

It is true that although the People have the burden of going forward to establish the legality of police conduct, they have no obligation to produce the complaining witness to meet that burden. *(People v Blue,* 31 NY2d 1002 [1973]; *People v Sutton,* 47 AD2d 455 [4th Dept 1975].) On the other hand, when a defendant desires to call a complaining witness to testify concerning a showup, he has the right to do so. *(People v Martin,* 35 AD2d 786 [1st Dept 1970], *after remand* 38 AD2d 536; *People v Fuentes,* 74 AD2d 753 [1980]; *People v Davis,* 100 AD2d 518 [2d Dept 1984], *conviction revd on later appeal* 118 AD2d 866 [1986]; *see also, People v Andriani,* 67 AD2d 20 [1st Dept 1979], *cert denied sub nom. Boutureira v New York,* 444 US 866 [1979].)

In *Martin (supra),* as in this case, the defense counsel requested that the People produce the complaining witness to testify at the *Wade* hearing. In remanding for a reopened *Wade* hearing, this court stated *(supra)* that the complainant "should have been called even if it had been necessary for the court to call him." In *People v Fuentes (supra),* in affirming a conviction for robbery, this department rejected a contention by the defendant that he should have been permitted to reopen a *Wade* hearing during the trial. Neither the prosecutor nor the defendant had called the complaining witness or another witness to testify during the suppression hearing. This court stated *(supra,* at 754) that the defendant "could have had both Leun (the complaining witness) and Shek (the other witness) produced at the *Wade* hearing." In *People v Davis* (100 AD2d 518, *conviction revd on later appeal* 118 AD2d 866, *supra),* the Second Department held an appeal in abeyance and remanded the case to the trial court for a reopened *Wade* hearing. The court held that it was error to deny defendant's request to produce the complaining witness at the *Wade* hearing. In *People v Andriani (supra,* at 24), this court reiterated with approval the procedure set forth in *Martin.*

The majority's conclusion that a complaining witness must be produced only if there is a factual showing that an identification procedure, such as a showup or a lineup, is so impermissibly suggestive that the court must reach the issue of whether the in-court identification has a source independent

of that impermissibly suggestive procedure is counter to the legislative mandate and intent. Thus, by Laws of 1986 (ch 776) the Legislature amended CPL 710.60 (3) (b) by eliminating any requirement that a defendant make a factual showing when asserting that an identification was tainted by an improper procedure. In his 1986 Supplementary Practice Commentaries, Professor Peter Preiser stated that "the rationale for the amendment most probably stems from the fact that in many cases the defendant is not in a position to know whether challengeable identification techniques were employed" (Mc-Kinney's Cons Laws of NY, Book 11A, 1989 Pocket Part, CPL 710.60).

My disagreement with the majority is this: where the defendant desires to call the complaining witness to testify concerning the suggestiveness of a showup or a lineup even though the People have failed to call him or her, the defendant has a right to do so. Otherwise, the People have the advantage of controlling who testifies at the suppression hearing and, particularly, who can testify concerning suggestiveness.

Finally, the defendant's right to call the complaining witness is the essence of due process. *(People v Gilliam,* 45 AD2d 744 [2d Dept 1974], *revd* 37 NY2d 722 [1975] *on dissenting opn of Hopkins, J., at App Div; Chambers v Mississippi,* 410 US 284 [1973].)