■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HEMINGWAY, Appellant.—Weiss, J. P. Appeal from a

judgment of the County Court of Albany County (Harris, J.), rendered May 6, 1988, upon a verdict convicting defendant of the crime of robbery in the first degree.

After a jury trial, defendant was convicted of robbery in the first degree based on the December 17, 1987 knifepoint robbery of a taxicab driver in the City of Albany. On this appeal, defendant initially maintains that County Court erred in refusing to suppress the victim's identification testimony since the People failed to produce this witness at the suppression hearing and the showup procedure was unduly suggestive. We disagree.

Upon our review of the suppression hearing minutes, we find that the People, through the testimony of the responding police officers, met their initial burden of demonstrating the propriety of the showup procedure. The incident occurred during an early morning snowfall. Shortly after the attack was reported, police officers responded to the scene and traced footsteps to a nearby home on Sloan Street. A knife, identified by the victim at trial as the weapon utilized, was retrieved from a box near the doorway and defendant was located inside. Defendant voluntarily accompanied the officers outside, where he was identified by the victim sitting in a nearby police vehicle from a distance of approximately five feet. Since the showup was prompt and in close proximity to the crime scene, the procedure was appropriate (see, People v Love, 57 NY2d 1023, 1024-1025; People v Redd, 137 AD2d 770, 772, lv denied 71 NY2d 901; People v Fogarty, 122 AD2d 343, 344, lv denied 68 NY2d 812). Defendant failed to effectively counter this conclusion. As such, the People were not required to produce the victim for purposes of establishing an independent basis for identification (see, People v Kennedy, 151 AD2d 831; People v James, 138 AD2d 744, lv denied 72 NY2d 861; People v Jackson, 108 AD2d 757; People v Sutton, 47 AD2d 455, 459-460; cf., People v Rahming, 26 NY2d 411, 416-417; People v De Congilio, 71 AD2d 990).

Moreover, the victim's trial testimony confirmed an independent basis for his in-court identification. Defendant was in his taxi for some 25 minutes and the interior cab lights were on. The driver was able to provide a detailed description of defendant's clothing and his appearance, including a distinctive thin mustache. At the showup, the driver astutely noted that defendant was wearing different clothing, an observation consistent with the police officers' testimony that defendant was partially undressed when first approached inside the Sloan Street residence. Given these circumstances and obser-

vations, County Court properly authorized the in-court identification *(see, People v Albert J.,* 138 AD2d 773; *People v De Camp,* 138 AD2d 858, 859, *lv denied* 72 NY2d 858).

Defendant's remaining contentions are also unavailing. County Court's *Sandoval* ruling was well within its discretion *(see, People v Sandoval,* 34 NY2d 371). The various theft-related convictions were clearly relevant to defendant's credibility *(see, People v Ashley,* 145 AD2d 782). Moreover, County Court properly tempered its ruling by precluding the use of 1976 assault and petit larceny convictions as remote, omitting the underlying details of a 1983 assault conviction involving a stabbing, and prohibiting any inquiry into defendant's purported drug use. Nor was the court required to give a "missing witness charge" based on the People's failure to produce two unidentified girls who exited the taxi shortly before the incident, the owner of the Sloan Street residence and a purported alibi witness *(see, People v Gonzalez,* 68 NY2d 424, 427). Defendant failed to demonstrate that any of these individuals were material witnesses. In any event, the People unsuccessfully attempted to subpoena the latter two individuals, both of whom have been described as defendant's cousins. Essentially, none of these witnesses was either available to, or under the control of, the People *(see, supra,* at 428-429; *People v Clark,* 128 AD2d 270, 272). Finally, defendant's assertion of prosecutorial misconduct premised on the prosecutor's failure to secure the above-noted witnesses and preserve certain evidence is entirely unfounded. The People produced evidence, both legally sufficient and overwhelming, to support the conviction *(see, People v Bleakley,* 69 NY2d 490). No more is required.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.