■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JONES, Appellant.—Appeal from judgment, Supreme Court, New York County (William J. Davis, J., at *Wade* hearing; Daniel P. FitzGerald, J., at trial and sentence), rendered on March 27, 1987, convicting defendant after a jury trial of burglary in the third degree and criminal mischief in the third degree and sentencing him to concurrent indeterminate terms of incarceration of 3½ to 7 years and 2 to 4 years, respectively, held in abeyance, and the matter remanded for a reopened hearing of defendant's motion to suppress identification testimony.

We hold that the People failed to meet their burden of proof in establishing, at the *Wade* hearing, the legitimacy of the police conduct. *(People v Dodt,* 61 NY2d 408, 415-416; *People v Berrios,* 28 NY2d 361, 367; *People v Peterkin,* 151 AD2d 407, 408-409, *lv granted* 74 NY2d 822; *People v Tweedy,* 134 AD2d 467, 468.) One of the two arresting officers, who was the sole witness at the *Wade* hearing, responded to a radio transmission of a burglary in progress. The transmission included a description of the alleged perpetrators, which the dispatcher had supposedly received from a civilian witness who, with a friend, had observed the crime from the fifth-story window of her apartment.

Shortly after arriving at the burglarized storefront and

conducting a search of the area, the officer and his partner followed two men who fit the description of the burglary suspects onto a subway car. They advised the men, one of whom was appellant, that they matched the description as given by the dispatcher and asked them to return to the scene; the men complied.

The officer's partner telephoned the central dispatcher and asked that the witnesses be contacted. They then received another radio transmission that there had been a positive identification, which had been made by the witnesses to the central dispatcher from their fifth-story apartment window. The officers had no direct contact with the witnesses. (Cf., People v James, 110 AD2d 1037.)

The facts and circumstances herein demonstrate that because the People did not call the central dispatcher to testify at the *Wade* hearing, they were unable to establish that no suggestive statements were made to the witnesses. Indeed, the prosecutor at the hearing acknowledged that any statements by the central dispatcher to the witnesses were, at that time, unverified. Therefore, the *Wade* hearing must be reopened for testimony by the central dispatcher to be heard, so that it may be determined whether any statements were made to the witnesses which may have tainted the showup identification. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.