THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MCGOVERN, Appellant.—

On the night of September 18, 1985, on a street in Queens, the defendant, his codefendant Patrick Cruz, and three other men, brandishing knives and a screwdriver, robbed the com-

plainant of approximately $200 and the complainant's friend of his wallet and some currency. About a week later, the complainant saw the defendant, the codefendant Cruz and another man on the street, and reported his sighting to a nearby police station. Police Officers Susan McConnell and James Stevenson drove around with the complainant, and after he identified the defendant and the codefendant Cruz, they were arrested.

On appeal, the defendant alleges that he was denied a fair trial by the trial court's instructions to the jury regarding his right not to testify; by certain remarks made by the prosecutor during his summation; and by the prosecutor's failure to timely inform defense counsel that defendant's brother had confessed to the crime. The defendant further contends that the trial court erred in not directing that the complainant testify at the *Wade* hearing; in refusing to permit the defendant's mother to testify as to her younger son's admission of guilt; and in giving an inadequate charge on identification testimony. In addition, the defendant claims that the verdict was against the weight of the evidence, and that his sentence was excessive. The defendant's contentions are without merit.

Although the Trial Judge erred in delivering an unrequested instruction to the jurors concerning the defendant's failure to testify, which instruction also exceeded the plain and simple language of CPL 300.10 (2), the portion of the charge complained of was not so lengthy as to draw the jurors' attention to the issue, was "neutral in tone" and " 'consistent in substance with the intent of the statute' " *(People v Morris,* 129 AD2d 591, quoting from *People v Gonzalez,* 72 AD2d 508), and did not "imply that the [defendant's] failure to testify was merely a trial maneuver rather than a constitutional right" *(People v Ogle,* 142 AD2d 608, 609). In view of the foregoing, we find that there is no reasonable possibility that the error might have contributed to the defendant's conviction and that it was therefore harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Morris, supra).*

The prosecutor's remarks on summation regarding the reliability of the complainant's identification testimony constituted a fair response to defense counsel's attack on the complainant's credibility during his summation.

In addition, contrary to the defendant's contention, the prosecution was not under a "constitutional" obligation to turn over to the defense, as *Brady* material, the information that the defendant's younger brother had confessed to the

crime, since the defendant was already in possession of this information *(People v Banks,* 130 AD2d 498).

There is no automatic requirement that the complainant testify at a *Wade* hearing *(People v Monroe,* 135 AD2d 741), and the defendant in the instant case failed to carry his burden of proving that his identification by the complainant was improper or made under unduly suggestive circumstances, such that there would have been a need for the complainant's testimony *(People v Schipski,* 130 AD2d 781; *People v Jackson,* 108 AD2d 757).

We find that the trial court's charge concerning the identification testimony was in all respects adequate and proper. An additional instruction requested by the defendant was given by the trial court, following which the defendant made no further objections or requests. Therefore, it must be concluded that the trial court had amended its charge on identification to the defendant's satisfaction *(People v Singleton,* 121 AD2d 752; *People v Irby,* 112 AD2d 447; *People v Jalah,* 107 AD2d 762).

This court has already determined *(People v Cruz,* 144 AD2d 686) that the trial court, after a hearing, properly excluded the testimony of the defendant's mother regarding her younger son's confession, finding that her proposed testimony failed to meet the criteria for admission set out in *People v Shortridge* (65 NY2d 309). Nothing in the record requires a different result with respect to the defendant.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The complainant was "positive" of his identification of the defendant, and the issue of his credibility was primarily for the jury, whose determination is amply supported by the record *(People v Gaimari,* 176 NY 84; *People v Almonte,* 135 AD2d 824; *People v Dudley,* 110 AD2d 652; *People v Dukes,* 97 AD2d 445; cf., *People v Garafolo,* 44 AD2d 86).

Finally, we conclude that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.