■ The People of the State of New York, Respondent, v Elija R. Johnson, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (Rohl, J.), both rendered May 3, 1989.

■ The People of the State of New York, Respondent, v Lamont Johnson, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.) rendered February 18, 1987, convicting him of murder in the

second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that it was error for the hearing court to render its *Wade* ruling in the absence of testimony from either of the People's eyewitnesses is without merit. In this case, the defendant failed to meet his burden of establishing that the pretrial photographic array shown to the eyewitnesses was suggestive. Therefore, it was not necessary for the People to show through the testimony of the eyewitnesses that an independent source for their in-court identifications existed *(see, People v Jackson,* 108 AD2d 757).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Mangano, P. J., Bracken, Kooper and Sullivan, JJ., concur.