THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY GEAMES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 14, 1986, convicting him of robbery in the first degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in not requiring the production of the identifying nonpolice witnesses at the *Wade* hearing, and therefore, that their identification testimony was inadmissible. We disagree. "[I]t is only when the defense has established that a pretrial identification procedure was unduly suggestive, after the prosecution has met its initial burden of going forward to demonstrate reasonableness and the lack of suggestiveness, that evidence concerning an independent source for an in-court identification must be elicited from the complainant" *(People v Tweedy,* 134 AD2d 467, 468). Here the testimony before the court as well as the photographic array itself demonstrate that there was no impermissibly suggestive identification procedure. The defense never established that there was anything unduly suggestive about the identification procedure.

The defendant also contends that the People failed to prove his identity as the robber beyond a reasonable doubt. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt. As to the defendant's further contention that the prosecution witnesses' testimony was not worthy of belief by the jury, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see,*

*People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendants' remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.