**Leroy GEAMES, Petitioner,**

v.

**R.J. HENDERSON, Superintendent,
Auburn Correctional Facility,
Respondent.**

**No. CV 89–2332.**

United States District Court,
E.D. New York.

March 2, 1990.

Leroy Geames, Auburn, N.Y., pro se.

James Catterson, Suffolk County Dist. Atty. by Glenn D. Green, Riverhead, N.Y., for respondent.

## ORDER

WEXLER, District Judge.

On November 22, 1989, *pro se* petitioner Leroy Geames was granted a writ of habe-

as corpus under 28 U.S.C. § 2254 for excessive delay in the determination of his state court appeal from a conviction after trial for first degree burglary. This Court ordered that petitioner be retried if the state appellate court did not ultimately decide his appeal within a specified time. The judgment was entered November 29, 1989. On January 16, 1990, 550 N.Y.S.2d 39, the Appellate Division, Second Department, issued its decision and order affirming the judgment of conviction, which was within the time specified in this Court's November 22 order. In a letter dated December 22, 1989, filed with the Court on January 23, 1990,[1] petitioner requests that this Court issue a certificate of probable cause pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. For the reasons below, the application is denied.

According to the December 22 letter, petitioner will argue (1) that once this Court found that petitioner's constitutional right to due process was violated, it was incumbent on the Court to "render a decision accordingly"; and (2) that this Court "should not have required [petitioner] 'to proceed in the state appellate court with the assigned counsel who has rendered ineffective assistance.'" On the latter point, petitioner further complains that assigned counsel submitted the same brief in the state appeal that he had earlier represented in the habeas petition as being a "rough draft."

As for (1) above, petitioner obviously believes this Court should have fashioned some other form of relief when it granted the writ. Apparently, petitioner contends that he was entitled to an unconditional grant of a new trial. The Court, however, does not agree that the relief granted was an abuse of discretion or otherwise improper under the circumstances. Indeed, the Second Circuit only three years ago rejected a similar contention on an appeal from this Court's decision in *Wheeler v. Kelly*, 639 F.Supp. 1374 (E.D.N.Y.1986), *aff'd*, 811

---

**1.** By letter dated January 12, 1990, petitioner explains that the December 22 letter was re-turned by the post office inexplicably.

F.2d 133 (2d Cir.1987). In *Wheeler*, this Court granted a writ of habeas corpus because of a five-year delay in the processing of an incarcerated prisoner's state court appeal. This Court directed that the petitioner, Wheeler, be retried unless the state appellate court decided his appeal within two and one-half months. Wheeler appealed, contending that this Court should have unconditionally granted a new trial, rather than conditioning retrial on the state court's consideration of the appeal. The Second Circuit held that the relief granted was not an abuse of this Court's discretion. *Wheeler*, 811 F.2d at 135–36.

As for (2), this Court did not find that assigned appellate counsel had rendered ineffective assistance, but rather that the appeal should have been prosecuted more vigorously. *Geames v. Henderson*, 725 F.Supp. 681, 685 (E.D.N.Y.1989). Moreover, petitioner erroneously asserts that assigned counsel represented to this Court that the portion of the brief sent to petitioner before the brief was filed with the state appellate court was a rough draft. In fact, what respondents had represented in their papers was that assigned counsel had sent petitioner that portion of the appellate brief containing the substance of the appellate issues. *Id.* at 683. In the *Wheeler* case, Wheeler similarly argued that this Court should not have required him "to proceed in the state appellate court with the assigned counsel who ha[d] rendered ineffective assistance." *Wheeler*, 811 F.2d at 136. The Second Circuit, however, refused to address the issue because it was not raised in either this Court or the state courts. The same holds true for petitioner's contention in this' case.

This Court finds no merit in petitioner's contentions. Because petitioner has failed to present "some question deserving appellate review," *Alexander v. Harris*, 595 F.2d 87 (2d Cir.1979), his application for a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253 is denied.

SO ORDERED.